*In re* S.E., Jr., a Minor (The People of the State of Illinois, Petitioner, v. Scottie E., Sr., Respondent-Appellee (S.E., Jr., a Minor, Appellant)).

Third District   No. 4—97—0923

Opinion filed June 4, 1998.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Susan K. Lucas, guardian *ad litem*, of Peoria, for appellant.

Elaine Greek, of Peoria, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The guardian *ad litem* for the minor, S.E., Jr., brings this appeal from the judgment of the circuit court finding that the State failed to prove by clear and convincing evidence that the respondent, Scottie E., Sr., was unfit. We find that the trial court's judgment is against the manifest weight of the evidence. Thus, we reverse and remand for further proceedings.

The record reveals that prior to S.E.'s birth, on August 14, 1995, the respondent was convicted of robbery (720 ILCS 5/18—1(a) (West 1994)). He was sentenced to 180 days in the county jail and 3 years' probation. The respondent was released from jail in October 1995.

When S.E. was born on December 2, 1995, tests revealed cocaine and barbiturates in his urine. He was taken into shelter care three days later. On January 16, 1996, the respondent was found unfit because of substance abuse, failure to complete treatment, past domestic violence and past violent criminal history. The trial court ordered the respondent to complete: (1) a drug and alcohol assessment; (2) a psychological evaluation; (3) parenting classes; and (4) domestic violence counseling. In addition, the respondent was told to cooperate with the Department of Children and Family Services (the Department) and comply with its service plans.

On January 19, 1996, the respondent committed retail theft (720 ILCS 5/16A—3(a) (West 1996)) by taking a bottle of liquor from a store without paying for it. He pled guilty on April 19, 1996, pursuant to a plea agreement. As part of the agreement, the State promised to recommend a sentence of probation and agreed not to revoke the probation the respondent was on at the time for the earlier robbery conviction. The respondent's sentencing hearing on the retail theft charge was scheduled for June 14, 1996.

On June 7, 1996, the respondent committed an armed robbery

(720 ILCS 5/18—2(a) (West 1996)) when he pulled a knife on a woman and took money from her. The respondent was placed in jail the following day and remained incarcerated throughout the subsequent proceedings involving S.E. On July 12, 1996, the respondent was convicted of armed robbery. He was transferred to the Illinois Department of Corrections on July 18, 1996, and eventually placed at Sheridan Correctional Center on July 23, 1996.

The State filed a petition to terminate the respondent's parental rights with regard to S.E. on March 11, 1997. In the motion, the State alleged that the respondent had failed to make reasonable progress toward S.E.'s return.

A fitness hearing was held on June 4, 1997. At the hearing, the respondent testified that between January 19, 1996, and his incarceration in June 1996, he attended weekly visits with S.E., missing only four during this period. After his incarceration, however, he had no visits with S.E. until January 1997. Between January and June 1997, the respondent had visited with S.E. three times.

The respondent testified that prior to his arrest in June 1996, he had made appointments for the various evaluations required by the January 1996 dispositional order. However, he had not attended any of those appointments. He testified that during this time he was actively involved in the Black Gangsters and was using drugs, notably cocaine, on a daily basis.

Since he had been in prison, the respondent testified, he had been involved in the Gateway substance abuse program. He entered the program on October 24, 1996. On November 5, 1996, he was removed from the program for disciplinary reasons, but he was returned to the program on December 11, 1996. The respondent testified that he also attended an anger management counseling group. This group also covered issues involved with domestic violence. He had taken two parenting classes. He had inquired about obtaining a psychological evaluation but had not completed the evaluation.

The respondent acknowledged that he had received two disciplinary "tickets" while in prison. One ticket was for a minor violation. The respondent had written gang laws and prayers on a piece of paper in his cell. The other infraction was a major violation and resulted in either five or six days of segregation. Apparently the respondent was ordered to write a 1,500-word essay on neatness, objected to doing it, and approached a prison official in a threatening manner.

With regard to his release from prison, the respondent stated that his "out date" was around February 4, 1999. At the time of the hearing, he was eligible for work release but did not know whether

he would be granted that opportunity and did not know where he would go if he were allowed work release.

After hearing the evidence presented, the trial court determined that the State had not proven by clear and convincing evidence that the respondent was unfit for failure to make reasonable progress toward the return of the child.

The sole issue on appeal is whether the trial court's determination of the respondent's fitness is against the manifest weight of the evidence.

■ A parent may be declared unfit if he fails to make reasonable progress toward the return of the child following an adjudication of neglect, abuse or dependency. 750 ILCS 50/1(D)(m) (West 1996). Reasonable progress requires, at a minimum, measurable or demonstrable movement toward the goal of the return of the child to the parent. *In re S.M.*, 219 Ill. App. 3d 269, 579 N.E.2d 1157 (1991). The trial court's finding of unfitness will not be disturbed on review unless it is contrary to the manifest weight of the evidence. *In re J.B.*, 198 Ill. App. 3d 495, 555 N.E.2d 1198 (1990).

■ Following careful review of the record, it is clear that the respondent has not made reasonable progress toward S.E.'s return. His failure to make progress began three days after being told what he needed to do to regain custody of S.E. Instead of making arrangements for a drug and alcohol assessment or a psychological evaluation, the respondent committed a retail theft. He participated in gang activities and, more ominously, used drugs *on a daily basis*. He engaged in these activities while he was on probation for a prior robbery conviction.

The respondent's misbehavior did not end there, however. Though he was apprehended and agreed to plead guilty to the retail theft charge, the respondent continued to break the law. He committed armed robbery—a Class X felony—one week before he was scheduled to be sentenced to probation a second time. By repeatedly involving himself in illegal activity, the respondent evidenced the opposite of reasonable progress. See *In re J.R.Y.*, 157 Ill. App. 3d 396, 510 N.E.2d 541 (1987).

The respondent urges us to accept his contention that he has made reasonable progress because he has taken steps to rehabilitate himself during his time in prison. We are not persuaded. While it may be less difficult to leave behind substance abuse and criminal activity in the controlled environment of prison, neglected children are not returned to their parents in a controlled environment. In order to show progress toward the return of his child, the respondent needed to show that he could function as a law-abiding citizen and responsible parent in an unstructured, real world, environment.

The respondent has not made such a showing. He has not shown an ability to refrain from using drugs or alcohol, nor has he shown an ability to abide by the laws of the state. He has not shown an ability to maintain a household in which S.E. could have a home.

The ultimate inquiry for this court is, "How close has the respondent come to regaining custody of S.E.?" The answer in this case is, "No closer than he was in January 1996 when he was first adjudicated unfit." Consequently, we hold that the State has proved by clear and convincing evidence that the respondent is an unfit parent for failure to make reasonable progress toward S.E.'s return.

The judgment of the circuit court of Peoria County is reversed and the cause remanded for further proceedings consistent with this order.

Reversed and remanded.

McCUSKEY, P.J., and SLATER, J., concur.